369 F.2d 499
 Thomas I. FITZGERALD, Public Administrator for the County of
New York, as Adminsitrator of the Estates of
Julian Diaz Marcuartu, et al., Appellant,
v.
WESTLAND MARINE CORPORATION, Mitsubishi Heavy Industries,
Ltd., and Pacific Grain Corp., Ltd., Appellees.
 No. 163, Docket 30641.
 United States Court of Appeals Second Circuit.
 Argued Nov. 9, 1966.
Decided Nov. 17, 1966.
 
 Charles Sovel, New York City (Abraham E. Freedman, Harry Wallach, New York City, on the brief), for appellant.
 Robert V. Corbett, Astoria, N.Y., of Cardillo & Mooney, New York City, for appellee Westland Marine Corp.
 Wharton Poor, New York City (Shozo F. Tsuchida, Charles F. Schirmeister, R. Glenn Bauer, Haight, Gardner, Poor & Havens, Reid & Priest, New York City, on the brief), for appellee Mitsubishi Heavy Industries, Ltd.
 Francis J. O'Brien, New York City (Philip J. Curtin, Zock, Petrie, Sheneman & Reid, New York City, on the brief), for appellee Pacific Grain Corp., Ltd.
 Before LUMBARD, Chief Judge, and MEDINA and KAUFMAN, Circuit Judges.
 KAUFMAN, Circuit Judge:
 
 
 1
 On or about December 18, 1964, while en route from Vancouver, British Columbia, to Yokohama, Japan, the S/S San Patrick ran aground on one of the Aleutian Islands, broke up and sank. The Public Administrator for the County of New York filed a complaint on behalf of the estates of the 31 Spanish nationals and one Yugoslav, who comprised the ship's crew and who perished in the tragedy. Claims were made against the three defendants: Westland Marine, a New York corporation, and the alleged owner of the San Patrick, was accused of negligence and providing an unseaworthy ship; Mitsubishi Heavy Industries, Ltd., a Japanese corporation, and Pacific Grain Corporation, Ltd., of Vancouver, British Columbia, were respectively accused of negligence in converting the ship from tanker to bulk carrier, and in loading the vessel with grain.
 
 
 2
 Westland moved, pursuant to Rule 12 (b) of the Federal Rules of Civil Procedure, to dismiss the complaint because it falied to estate a claim and the court lacked jurisdiction. Construing the motion, because of the presence of affidavits, as one under Rule 56,[1] Judge Murphy granted Westland the relief it sought. Mitsubishi and Pacific also moved to dismiss the suit on the ground of forum non conveniens, and their motions were likewise granted by the court. The Public Administrator appeals from Judge Murphy's order.
 
 
 3
 Considering first the dismissal of appellant's claim against Westland Marine Corporation, it is clear that the district court's action was proper. Although the original complaint alleged that diversity jurisdiction existed because Westland was a foreign corporation, it is now uncontested that Westland is in fact organized under the laws of New York. The only possible basis of jurisdiction, therefore, is under the Jones Act, 46 U.S.C. 688, if an employer-employee relationship existed between Westland and any of the seamen.
 
 
 4
 Chief Justice Warren has observed that under the Federal Rules, 'a law suit is a search for the truth and the tools are provided for finding out the facts before the curtain goes upon on trial.' 38 Conn.B.J. 3 (1964). The summary judgment procedure contained in Rule 56 is just such a 'tool' because it enables the court to determine if the 'curtain' should be raised at all.[2] In this case, appellant's affidavit in opposition to the motion to dismiss asserted that 'the essence of the complaint against Westland was that it owned, operated and controlled the vessel in question at the time of the disaster.' But this Court has stated, 'mere formal * * * allegations, while sufficient to stand as pleadings * * * (are) to be pierced upon Rule 56 motions and * * * (may) not forstall the award of summary relief.' Dressler v. MV Sandpiper, 331 F.2d 130, 132 (2d Cir. 1964). Accord, Schwartz v. Associated Musicians of Greater New York, Local 802, 340 F.2d 228 (2d Cir. 1964); Gauch v. Meleski, 346 F.2d 433 (5th Cir. 1965).
 
 
 5
 Judge Murphy properly took cognizance of the fact, as noted in Westland's affidavit on the motion, that in an earlier limitation proceeding arising out of this shipwreck, appellant had admitted that the San Patrick was in fact 'owned, operated and controlled by the * * * Manor Investment Co., Inc.' Moreover, while the contracts of employment of the seamen, executed in Bilbao, Spain, stated that they were made 'on behalf of Westland,' several of them were actually signed only on behalf of Manor Investment Co. It is clear that it was never intended that Westland would employ some seamen while Manor would employ others. In any event, the totality of all the facts (including our examination of the contracts referred to) indicate only that Westland was acting as Manor's New York agent, and was not in fact the employer of the crew as urged by the Administrator. Since the appellant had 'no real support for its version of the facts,' Judge Murphy's order granting summary judgment was proper. Dressler v. MV Sandpiper, 331 F.2d at 134.
 
 
 6
 The district court's dismissal of the suit against Mitsubishi and Pacific on the ground of forum non conveniens, was also proper.[3] It is true that 'unless the balance is strongly in favor of the defendant, plaintiff's choice of forum should rarely be disturbed.' Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1946). But as the Supreme Court also noted, 'the doctrine leaves much to the discretion of the courts to which plaintiff resorts * * *.' Id. at 508, 67 S.Ct. at 843.
 
 
 7
 Appellant raises several considerations in support of its position that the action should not have been dismissed. He says that the limitation proceedings referred to above, has been brought in the Southern District of New York, and the estates of the decedased crew members have, therefore, been compelled to litigate here. He argues that if the actions against Mitsubishi and Pacific are dismissed, the estates will be put to the extra expense and trouble of litigating their claims in another forum. This contention has surface appeal.
 
 
 8
 The Administrator, moreover, urges that New York is the only jurisdiction where all three defendants can be sued, and prosecuting the claims individually in separate jurisdictions raises the possibility of inconsistent verdicts. The short answer to this is that the complaint against Westland properly has been dismissed, and the appellant has failed to demonstrate that there is no other forum in which both Mitsubishi and Pacific can be sued.
 
 
 9
 Finally, appellant argues that the case should not be dismissed because the limitation proceeding is pending in New York. But, neither Mitsubishi nor Pacific are parties to that proceeding.
 
 
 10
 We are moved, however, by the very compelling reasons for dismissing the actions on the ground of forum non conveniens. Among the criteria elucidated by the Supreme Court in the Gilbert case as bearing on the question of dismissal, are the ease of access to sources of proof, the availability of compulsory process and the cost of obtaining willing witnesses. The claim against Mitsubishi alleges negligent conversion of the San Patrick from a tanker to a bulk carrier. Nearly all of the witnesses whose testimony would be relevant to this question, however, are in Japan. No process to compel their testimony at a trial in New York is available; and, the cost of bringing willing witnesses here to testify is exorbitant. These same obstacles are present in the case of Pacific, which is accused of having negligently loaded the ship in Vancouver. Moreover, Pacific states that the loading was in fact done by Empire Stevedoring, Ltd., a Canadian corporation, which cannot be impleaded in the instant action.
 
 
 11
 Finally, we note that New York has little connection with the accident which occurred off the coast of Alaska. In all probability, the district court would have to interpret Japanese and Canadian law in order to determine the liability of Mitsubishi and Pacific, and all of the deceased crewmen, with one possible exception, are foreigners. In light of all these factors we conclude that 'the balance is strongly in the favor of defendant(s),' Mitsubishi and Pacific, and the district court did not abuse its discretion when it dismissed on the ground of forum non conveniens.
 
 
 12
 Affirmed.
 
 
 
 [1]
 Rule 12(c) provides that 'if, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 * * *.'
 
 
 [2]
 Rule 56(e) as amended in 1963, provides:
 When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in his pleading, but his response * * * must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment if appropriate, shall be entered against him.
 
 
 [3]
 Dismissal of an action because of forum non conveniens is proper in the circumstances here despite 28 U.S.C. 1404(a) which provies:
 'For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.'
 The section was enacted 'to relieve against what was apparently thought to be the harshness of dismissal, under the doctrine of forum non conveniens.' Hoffman v. Blaski, 363 U.S. 335, 335-336, 80 S.Ct. 1084, 1085, 4 L.Ed.2d 1254 (1960). The Revisor's Note to the section states that it was drafted 'in accordance with the doctrine of forum non convenines, permitting transfer to a more convenient forum, even though venue is proper. * * * (It) requires the court to determine that the transfer is necessary for convenience of the parties and witnesses, and further, that it is in the interest of justice to do so.'
 Section 1404(a) has thus codified and replaced the doctrine of forum non conveniens for cases when the more convenient forum is another United States District Court. The doctrine is nvertheless still vital in federal law and is applicable to a case which cannot be saved by a 1404(a) transfer because no other district court would have jurisdiction over the action and, indeed, which should have been brought in a foreign jurisdiction in any event. When the doctrine is applied in such an instance, the principles established in Gulf Oil Corp. v. Gilbert, 339 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), are apposite. See Vanity Fair Mills, Inc. v. T. Eaton Co., 234 F.2d 633, 645, (2d Cir.), cert. denied, 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed. 76 (1956).