George **DASSIGIENIS**, Plaintiff-Appellant,

v.

**COSMOS CARRIERS & TRADING CORP.** et al., Defendants-Appellees.

No. 612, Docket 35023.

United States Court of Appeals, Second Circuit.

Submitted March 15, 1971.

Decided May 5, 1971.

Francis E. Dorn, Brooklyn, N. Y., for plaintiff-appellant.

Alvin L. Stern, New York City (Poles, Tublin, Patestides & Stratakis, New York City, of counsel), for defendants-appellees.

Before SMITH and MOORE, Circuit Judges and TIMBERS,* District Judge.

PER CURIAM:

Plaintiff brought this action for maintenance and cure based on injuries arising out of his employment on the vessel M. T. Sophia M. He appeals from the dismissal of his action for lack of jurisdiction over the subject matter.

The facts are stipulated. Plaintiff, a Greek seaman, signed onto the vessel in Antwerp, Belgium pursuant to Greek articles. He was injured in internation-

---

* Chief Judge, District of Connecticut, sitting by designation.

al waters. The Sophia M. was chartered by Chevron Transport Corporation and when pursuant to the terms of that charter, the vessel made its first call at a port in the continental United States, at Perth Amboy, New Jersey, in the Port of New York, the plaintiff signed off the vessel. Subsequent thereto, several doctors treated the plaintiff in the State of New York. One of these doctors acted on behalf of the Sophia M.'s owners, the defendant, Ionian Shipping Co.

The Sophia M. is registered in the Republic of Panama, and Ionian is a corporation organized under the laws of Liberia. None of the stock of Ionian is owned by any citizen of the United States, and it does not maintain a place of business in the United States, although it does maintain a checking account in a New York bank. The defendant Cosmos Carriers and Trading Corporation, a Delaware Corporation owned by United States interests with a place of business in New York, acted as Ionian's agent when the Sophia M. was in New York. The defendant Cosmos International Shipping, Inc., is a Panamanian Corporation, none of whose stock is owned by United States citizens. It acts as Ionian's Panamanian agent. The plaintiff was never employed by either Cosmos Carriers or Cosmos International.

We hold that the District Court properly dismissed the complaint for lack of subject matter jurisdiction.

■ As against the defendant Cosmos Carriers and Cosmos International, no claim against them is proper either under the Jones Act (46 U.S.C. § 688) or under a claim for maintenance and cure to be brought on the law side of the civil docket under the Court's diversity jurisdiction (28 U.S.C. § 1332), since neither of these defendants acted as plaintiff's employer. See Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 789, 69 S.Ct. 1317, 93 L.Ed. 1692 (1949).

■ As against Ionian, whether the Jones Act provides jurisdiction should be determined by reference to Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953). If the Jones Act provides jurisdiction in the federal courts to hear a particular action, its substantive provisions will be applied. Accordingly, the test of subject matter jurisdiction involves an analysis of various connecting factors which might justify the application of United States law to a particular claim. Six of the factors clearly involve no connection with the United States under the facts of this case: place of the wrongful act, law of the flag, allegiance of the injured seaman, allegiance of the owner [1] and place of the contract. Since Ionian has consented to jurisdiction in Greece, the seventh factor mentioned in *Lauritzen*, inaccessibility of a foreign forum, also weighs against the federal courts of this country taking jurisdiction. In this situation, consideration of the usefulness of applying the law of the forum, the final factor mentioned in *Lauritzen*, is insufficient to permit the Court to assume jurisdiction under the Jones Act, as *Lauritzen* itself makes clear. 345 U.S. at 590–591, 73 S.Ct. 921.

■ There is no basis for invoking the general maritime law of the United States as the basis for a maintenance and cure claim. Since both Ionian and Dassigienis are aliens, there is no diversity, and hence no jurisdiction.[2] Romero v. International Terminal Operating Company, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959); Montalet v. Murray, 4 Cranch (8 U.S.) 46, 2 L.Ed. 545

---

1. The fact that defendant Ionian had a checking account and an agent in New York is insufficient to change Ionian's foreign allegiance. Plaintiff's counsel argues at length that these factors would be sufficient to allow a court in New York to assume jurisdiction over the person of the defendant Ionian. However, whether or not that is true, that is quite irrelevant where as here there is no jurisdiction over the subject matter.

2. Since there is no jurisdiction under the Jones Act in this case, there is no pendent jurisdiction with respect to a general maritime law claim.

(1807); C. Wright, Law of Federal Courts, 81 (2d ed. 1970).

Because there is no jurisdiction under the Jones Act, and because there is no diversity and hence no jurisdiction under 28 U.S.C. § 1332, the case was properly dismissed as against defendant Ionian.

Accordingly, the judgment of the District Court is affirmed.