**Dionysios FRANGISKATOS,
Plaintiff;**

v.

**LIBERIAN M/V KONKAR PIO-
NEER et al., Defendants.**

**No. 70 Civ. 5205.**

United States District Court,
S. D. New York.

May 18, 1972.

John P. Cassapoglou, New York City, for plaintiff.

Kirlin, Campbell & Keating, New York City, for defendants; John R. Geraghty, New York City, of counsel.

## MEMORANDUM

MacMAHON, District Judge.

Defendants move, pursuant to Rules 12, 37 and 56, Fed.R.Civ.P., for an order (1), dismissing the action on the ground that the court does not have subject matter jurisdiction, (2) dismissing the action on the ground of *forum non conveniens*, and (3) for leave to amend their answer. In two motions, plaintiff

moves, pursuant to Rule 37, for an order granting default judgment due to defendants' failure to answer interrogatories.

Plaintiff, a Greek national admitted to the United States for permanent residence on September 8, 1970, brings this action to recover damages under the Jones Act and the general maritime law. Plaintiff claims that he suffered illness while serving as third engineer aboard the M/V KONKAR PIONEER (PIONEER) from October 30, 1968 to January 5, 1969. Although many defendants have been named in the complaint, only defendant Konkar Maritime Enterprises, S.A. (Konkar S.A.) and Konkar Maritime New York Agencies, Ltd. (Konkar N. Y.) have been served and have appeared.

### Motion to Dismiss

In support of these motions, defendants have submitted the affidavits of John R. Geraghty, an attorney with Kirlin, Campbell & Keating, Esqs., sworn to January 28, 1972 and February 15, 1972; the affidavit of N. Lyritzis, the president of Konkar N. Y., sworn to February 14, 1972; and a sworn statement from George Daniolos, a Greek lawyer, wherein he states that a Greek court would accept jurisdiction in this case.

From these documents, it appears that Konkar S.A. is a Panamanian corporation having its office and principal place of business in Athens, Greece, and is the owner of the PIONEER. All of the outstanding shares of stock of Konkar S.A. are owned by T. Constantopoulos and C. Karpidas, who are citizens and residents of Greece and who do not have a residence in the United States. Further, neither of these gentlemen own any interest in Konkar N. Y. Konkar N. Y. is a New York corporation having its principal place of business in New York City, and as the agent for Konkar S.A. it forwarded operating instructions to the PIONEER, handled accounts, assisted the owner in negotiating time charter agreements and forwarded all illness and accident reports to the ship owner's insurance brokers, Johnson & Higgins, 95 Wall Street, New York City. Further, Konkar N. Y. acts as New York agent for other enterprises having the Konkar name.

Plaintiff signed on as a member of the crew of the PIONEER in Japan before the Master of the vessel. The ship's articles state that the owner of the vessel was Konkar S.A. and that Greek law shall be applicable. The vessel has never been to the United States and has derived no income from the United States.

Predicated upon the above and relying upon Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953), and Dassigienis v. Cosmos Carriers & Trading Corp., 442 F.2d 1016 (2d Cir. 1971), defendants argue that this action should be dismissed, since this court does not have subject matter jurisdiction in that defendant Konkar N. Y. is not the plaintiff's employer. It is argued that when the seven criteria established in *Lauritzen* * are balanced against the facts in this case, it is demonstrated that this court has no interest in the litigation and, accordingly, the action should be dismissed. Further, since neither party is a citizen of the United States, this court lacks diversity jurisdiction.

Alternatively, defendants argue that the court should decline jurisdiction on the ground of *forum non conveniens*, since the events giving rise to the litigation occurred far from the United States, witnesses could not be compelled to attend in the United States, if their attendance would be obtained it would be expensive, and, further, that plaintiff may proceed in the Greek courts. Defendants rely on Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), in support of this motion.

---

* Place of the wrongful act; law of the flag; allegiance of the injured seaman, allegiance of the owner; place of the contract; accessibility of a foreign forum; and law of the forum.

In opposition to this motion, plaintiff argues that defendants have failed to properly respond to plaintiff's interrogatories concerning the ownership of the vessel and that, accordingly, at best the motion is premature. The argument is made that, since the accident report lists the owner of the vessel as Konkar N. Y. as well as Konkar S.A. and since plaintiff has stated under oath that he was employed by either Konkar N. Y. or Konkar S.A., plaintiff has made a prima facie showing that the New York corporation is his Jones Act employer and that, accordingly, under Fitzgerald v. A. L. Burbank & Co., 451 F.2d 670 (2d Cir. 1971), defendants have the burden of going forward and proving that Konkar N. Y. was not plaintiff's employer.

Plaintiff argues that, in fact, the Greek courts are not available to plaintiff and that, even though defendants agree to appear in the Greek courts, the Greek courts would not have jurisdiction over the claim. Plaintiff relies upon footnote #5 in Grammenos v. C. M. Lemos, Docket No. 71–1057 (2d Cir., Feb. 23, 1972), wherein the court stated:

> "*Forum non conveniens* is not an appropriate ground for dismissal. Even though the seamen's articles specified that Greek law would cover liability under the agreement, Greek courts take jurisdiction of tort cases only when the ship is owned by a Greek corporation or the tort occurred in Greek waters. *See* Hellenic Lines v. Rhoditis, 412 F.2d 919, 922 n. 6 (5 Cir. 1969). Neither condition was met here; therefore the seamen could sue in Greece only with Nile's consent. In Hoffman v. Blaski, 363 U.S. 335 [80 S.Ct. 1084, 4 L.Ed.2d 1254] (1960), the Supreme Court held that a forum in which the plaintiffs could not sue as a matter of right, but in which they were dependent on the defendant's consent to proceed, was not an available forum under the doctrine of *forum non conveniens*."

Plaintiff argues that, even if the defendants consent to appearing in Greece, nevertheless, dismissal under the doctrine of *forum non conveniens* is not appropriate.

At the outset, it should be noted that footnote #5 to the *Grammenos* opinion was amended by the Court of Appeals on March 30, 1972, 457 F.2d 1067 and, as thus amended, the plaintiff's argument fails.

■■ A review of the sworn statement of George Daniolos, sworn to March 22, 1972, leads the court to believe that the Greek courts would in fact have jurisdiction over plaintiff's claim. Since this is so and since the affidavits and documents filed by defendants in support of their motion demonstrate that plaintiff's employer was Konkar S.A., plaintiff's action is dismissed on the authority of Lauritzen v. Larsen, *supra*. Further, the motion for dismissal on the doctrine of *forum non conveniens* is also granted on the authority of Gulf Oil Corp. v. Gilbert, *supra*, since the facts in this case clearly dictate that private and public interests, including the congested calendars of this court, are best served by permitting this case to be litigated in Greece where all of the sources of proof are available.

## Other Motions

Having determined that the motion to dismiss should be granted, the court has not considered the motions to dismiss by plaintiff, due to defendants' failure to properly answer interrogatories, since, in the opinion of the court, the supplemental information submitted on this motion answers the interrogatories. Further, defendants' motion to amend the answer is likewise not considered in light of the court's action in dismissing the complaint.

So ordered.