Jose M. Reamoa **RODRIGUEZ**, Plaintiff,

v.

**ORION SCHIFFAHRTS-GESELL-SCHAFT REITH & CO.** and **Columbus Line Inc.**, Defendants.

**No. 70 Civil 2383.**

United States District Court, S. D. New York.

Oct. 11, 1972.

Standard, Weisberg, Heckerling & Rosow, New York City, for plaintiff; Stanley H. Solomon, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendants; David P. H. Watson, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

The defendant Orion Schiffahrts-Gesellschaft Reith & Co. moves that the Court, in its discretion, decline to retain jurisdiction of this case on the ground of forum non conveniens. Plaintiff, a crew member, seeks to recover damages from the defendant, his employer-shipowner, for injuries sustained upon claims of unseaworthiness and negligence. He is and always has been a citizen and resident of Spain; he signed on as a member of the crew at Barcelona, Spain, in September 1969. The accident occurred in Port Newark, New Jersey, on March 24, 1970. He was hospitalized in New Jersey and received outpatient treatment there, following which in December 1970 he returned to Spain, where he has remained ever since. The action was commenced in June 1970.

The defendant is a corporation of the Federal Republic of Germany; none of its officers, directors or stockholders is a resident or citizen of the United States. The home port of the vessel on which plaintiff sustained his injuries is Hamburg, Germany; it is registered in and flies the flag of the Federal Republic of Germany. The defendant did not nor does it operate any of its vessels in any liner service to and from the United States; such of its vessels that call at United States ports do so while operating under time or voyage charters to other parties. The defendant has no agent in the United States nor does it maintain any office here.

Plaintiff sustained his injuries while working with and as a member of the deck crew. Thus his potential witnesses are apparently his fellow deck workers, all of whom are Spanish citizens or residents with the exception of a German A.B. The total crew consisted of twenty-five seamen: fourteen Germans, eight Spanish, one Austrian, one British and one Frenchman.

Plaintiff, serving under the German flag, is entitled to and is receiving the benefits of the German Social Insurance System, as provided for by regulations governing seamen; he received maintenance payments while hospitalized in New Jersey, and upon his return to Spain has been receiving compensation (referred to as pension) and medical care, drugs and medical supplies under that System.

In support of its motion that the Court decline jurisdiction, the defendant agrees

that it will submit itself to jurisdiction for a determination on the merits of plaintiff's claim in any court of competent jurisdiction in Spain, the country of his residence and citizenship, and that it will not assert any defense based upon any limitation statute.

■ Finally, defendant urges as an added element in support of its motion that upon the facts plaintiff's rights are not governed by our law, but by foreign law. After evaluating the factors referred to in *Lauritzen* v. *Larsen*[1] as significant in resolving choice of law problems in maritime tort claims, the Court concludes that the Jones Act[2] and the General Maritime Law of the United States are not applicable.[3]

■ Apart from the non-applicability of our laws to plaintiff's claim, other factors are to be considered on this motion. Plaintiff, of course, stresses that the accident occurred in the adjacent district, Port Newark, New Jersey. However, this circumstance is only of relative significance and does not overcome those factors which give support to defendant's motion. It is true that the records of plaintiff's hospitalization and treatment are located there and the doctors who treated him maintain offices in that district. But the records can be made available without difficulty before a Spanish tribunal and the medical testimony can be taken by deposition;[4] the defendant has stipulated to take such depositions as plaintiff may desire for use in any foreign forum and also to make available for use in any litigation authenticated hospital records. Plaintiff, since his return to Spain, has been receiving medical treatment there for the past year and a half. Thus, his continued medical treatment may be testified to in person by his doctors.

No witness to the accident resides at or near the place of its occurrence or in the United States. Such eyewitnesses as there were, the deck crew members, are, with but one exception, residents of Spain, and presumably their testimony will be available upon a trial there and in their native tongue; other witnesses, if any, reside in West Germany or elsewhere and their testimony, whether by deposition or otherwise, is more readily obtainable from Spain. If the case were to be tried here, the testimony of all such witnesses would be by deposition and in a foreign tongue, which would require translation. So, too, were the case to be retained here, testimony of experts on the foreign law applicable to the case would be required and their depositions would involve translations, with the hazard inherent in translations of foreign law, so that the trial "may produce a result whose conformity with that of the foreign court may be greater in theory than it is in fact."[5]

A persuasive case has been made that the Court exercise its discretion against retention of the case. The only factor that gives pause is that the defendant did not make its motion until two years after the suit was commenced. It has, however, satisfactorily explained the delay, partly due to circumstances beyond its control, and in some part attributable to plaintiff's counsel, who requested and was granted extensive continuances of the motion after it was made. Plaintiff was not prejudiced by the delay. His counsel was advised soon after the commencement of the action that defendant intended to move that the Court decline jurisdiction. While plaintiff's counsel state that they performed investigative

1. 345 U.S. 571, 583–592, 73 S.Ct. 921, 97 L.Ed. 1254 (1953).

2. 46 U.S.C. § 688.

3. *Cf.* Hellenic Lines Ltd. v. Rhoditis, 398 U.S. 306, 309, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970) ; Bartholomew v. Universe Tankships, Inc., 263 F.2d 437, 441 (2d Cir.), cert. denied, 359 U.S. 1000, 79 S. Ct. 1138, 3 L.Ed.2d 1030 (1959).

4. *Cf.* Conte v. Flota Mercante Del Estado, 277 F.2d 664, 667 (2d Cir. 1960).

5. *Id.*

work relative to the liability issue, the defense correctly points out that this could only be minimal and of questionable value, since all the witnesses are foreign nationals or citizens and the vessel has not been in the port of New York since June 1970. Indeed, other than service of written interrogatories by plaintiff's counsel, there has been no pretrial preparation, and the case is far from ready for trial.

*Conte* v. *Flota Mercante Del Estado*,[6] relied upon by plaintiff, in which the Court of Appeals upheld the District Court's retention of jurisdiction, is inapposite upon its facts. The Court of Appeals there noted that the district judge "rested his denial on the presence in New York of doctors and technicians who were essential witnesses, on the ready availability of the eye-witnesses to the accident and the master and other officers of the vessel, since they were still employed by respondent whose ships made regular runs to New York, on respondent's unexplained delay in waiting until the eve of trial before moving to dismiss, and on the existence of the penalty wage claim." [7] Here the facts are entirely different—except for the doctors—there are no technical experts, essential witnesses, eyewitnesses or officers of the vessel present in the United States or whose testimony would be available upon a trial in this jurisdiction; there has been adequate explanation for the delay in making the motion, and no prejudice has been shown to plaintiff's interests in the event the Court declines jurisdiction.

On all the facts, and in the exercise of discretion, the Court declines to retain jurisdiction. However, in view of the agreement by defendant to appear in a foreign forum, to waive any limitation statute, and to cooperate in obtaining depositions and records for use in a foreign forum, the order to be entered shall contain an appropriate provision that the dismissal shall become effective only upon proof of compliance by defendant with its undertakings.

---

6. 277 F.2d 664 (2d Cir. 1960).

7. *Id.* at 667.