Dionysios **FRANGISKATOS**, Appellant,

v.

**KONKAR MARITIME ENTERPRISES,**
S.A., Appellee,

and

**Liberian M/V Konkar Pioneer**
et al., Defendants.

No. 207, Docket 72-1765.

United States Court of Appeals,
Second Circuit.

Argued Dec. 12, 1972.

Decided Dec. 14, 1972.

John P. Cassapoglou, New York City (Burt M. Morewitz, Newport News, Va., of counsel), for appellant.

John R. Geraghty, Charles N. Fiddler, New York City (Kirlin, Campbell & Keating, New York City), for appellee.

Before KAUFMAN, ANDERSON and OAKES, Circuit Judges.

PER CURIAM:

From October 30, 1968 to January 5, 1969, Dionysios Frangiskatos, a Greek national admitted to permanent residence in the United States on September 8, 1970, was a third engineer aboard the *MV Konkar Pioneer*, a Liberian Flag ship. The *Pioneer* is owned and operated by Konkar Maritime Enterprises, S.A., a Panamanian corporation having its principal place of business in Athens, Greece. The shipowner's sole stockholders are Greek citizens who do not maintain any residence in the United States. Frangiskatos brought this action under the Jones Act, 46 U.S.C. § 688 and the general maritime law, to recover damages, allegedly sustained in Japan, where Frangiskatos signed on as a member of the *Pioneer's* crew, and on the seas between Japan and Australia during the course of the ship's voyage. The *Pioneer* has never called at a port in the United States, nor has it ever derived income from American sources. Konkar Maritime Enterprises, S.A. maintains a shipping office in New York, known as Konkar Maritime New York Agencies, Ltd., which assists in negotiating time charter agreements, and forwards to the insurers illness and accident reports for the *Pioneer* and other enterprises bearing the Konkar name. It has, however, no connection whatsoever with cargo transactions.

The district court dismissed Frangiskato's complaint against the shipowner and the shipowner's agents—the only

defendants upon which process was effectively served—for lack of subject matter jurisdiction, *see* Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953) and on the alternative ground of *forum non conveniens, see* Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); Fitzgerald v. Westland Marine Corp., 369 F.2d 499, 501–502 (2d Cir. 1966); *cf.,* Grammenos v. Lemos, 457 F.2d 1067, 1074 n. 5 (2 Cir.).[1]

We affirm for the reasons stated in Judge MacMahon's opinion below, 353 F. Supp. 402 (S.D.N.Y.1972).

---

1. We note that the shipowner has waived all jurisdictional objections to suit in Greece if the appellant brings suit there within 90 days after entry of this order affirming the dismissal.