Nectarios **KOUPETORIS**, Plaintiff,

v.

**KONKAR INTREPID CORP. and Konkar Maritime New York Agencies, Ltd., Defendants.**

No. 74 Civ. 4684 (MP).

United States District Court, S. D. New York.

Oct. 31, 1975.

952

Lebovici & Safir, New York City, for plaintiff by Herbert Lebovici, New York City.

Kirlin, Campbell & Keating, New York City, for defendants by John R. Geraghty, New York City.

## OPINION

POLLACK, District Judge.

Plaintiff, a Greek seaman, brought suit under the Jones Act, 46 U.S.C. § 688 *et seq.*, and general maritime law to recover for injuries he allegedly sustained aboard the Konkar Intrepid on July 19, 1974 while the ship was in Baltimore harbor.

Defendant Konkar Intrepid Corp. (hereafter "KI"), a Liberian corporation with principal offices in Athens, owns the ship; defendant Konkar Maritime New York Agencies, Inc. (hereafter "Agencies"), organized under the laws of New York State, performed certain functions on KI's behalf in New York until it discontinued business in December 1974.

KI has moved for an order dismissing the complaint pursuant to Fed.R.Civ.P. 12(b)(2) and (5) for lack of jurisdiction over its person and insufficiency of service of process. Both defendants seek dismissal pursuant to Fed.R.Civ.P. 12(b)(1) for lack of jurisdiction over the subject matter, or alternatively, pursuant to Fed.R.Civ.P. 12(b)(3) for improper venue on the doctrine of *forum non conveniens*. Finally, Agencies seeks dismissal pursuant to Fed.R.Civ.P. 12(b)(1) and (6) on the ground that it is not properly sued herein under the Jones Act since it neither employs plaintiff nor owns the ship on which his injuries occurred.

The motions to dismiss the complaint are granted, for plaintiff has consented to the dismissal of this suit against Agencies, and the Court declines subject matter jurisdiction of the plaintiff's claim against Konkar Intrepid Corp. for the reasons appearing hereafter.

### 1. *Jurisdiction Over the Person of KI*

Defendant KI's contentions concerning its amenability to process and the manner of service thereof are without merit. Process was served on Agencies as agent for KI pursuant to Fed.R. Civ.P. 4(d)(3). Agencies' transactions of business in New York on behalf of KI have been more than sufficient to satisfy the fairness criterion mandated by due process: the company maintained accounts in local banks; it paid for many of the ship's expenses, including wages, food and supplies; and it appointed husbanding agents for the Konkar Intrepid in other ports. Furthermore, KI itself apparently executed two mortages on the ship in New York. *See Hanson v. Denckla*, 357 U.S. 235, 78 S. Ct. 1228, 2 L.Ed.2d 1283 (1958).

Whether process was properly served on KI depends on whether Agencies was KI's "managing or general agent" within the meaning of Fed.R. Civ.P. 4(d)(3). While much of Agen-

cies' activity on behalf of KI involved merely the collection and payment of accounts, it also exercised significant discretionary authority, notably in the appointment of husbanding agents. *See Grammenos v. Lemos*, 457 F.2d 1067 (2d Cir. 1972). In general, the managing agent for purposes of service of process is that person or entity in charge of those activities within the state which justify the exercise of personal jurisdiction over the defendant. *Grammenos v. Lemos, supra*, at 1072; *Bomze v. Nardis Sportswear*, 165 F.2d 33, 37 (2d Cir. 1948). The delivery of the summons and complaint to Agencies therefore constituted sufficient service of process on KI.

2. *Jurisdiction Over the Subject Matter*

█ No diversity jurisdiction is present in this case under 28 U.S.C. § 1332 since both plaintiff and defendant KI are aliens. *Joseph Muller Corp. v. Societe Anonyme de Gerance et d'Armement*, 451 F.2d 727, 729 (2d Cir. 1971), *cert. denied*, 406 U.S. 906, 92 S.Ct. 1609, 31 L.Ed.2d 816 (1972). Whether jurisdiction is conferred by 28 U.S.C. § 1331 depends on the applicability to the facts of the Jones Act. The plaintiff's general maritime law claim included in the complaint does not raise a federal question under § 1331 and at all events would be subject to the same choice of law criteria as is the Jones Act. *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959). Section 1333 does confer admiralty jurisdiction on the federal courts; however, its use is subject to the discretion of the Court. See, *infra*.

██ The focus of the Court's inquiry in respect of the applicability of the Jones Act must be on the substantiality of the contacts of the controversy with the United States. *See Hellenic Lines v. Rhoditis*, 398 U.S. 306, 309, 90 S.Ct. 1731, 26 L.Ed.2d 252 n.4 (1970); *Moncada v. Lemuria Shipping Corp.*, 491 F.2d 470, 472 (2d Cir.), *cert. denied*, 417 U.S. 947, 94 S.Ct. 3072, 41 L.Ed.2d 667

(1974). In *Lauritzen v. Larsen*, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953) and *Hellenic Lines v. Rhoditis, supra*, the Supreme Court listed factors of possible significance which the Court might consider on this question. While the relative weight to be accorded to each factor varies, the inquiry involves: (1) the place of wrongful act; (2) the law of the flag; (3) the allegiance or domicile of the injured party; (4) the allegiance or base of operations of the shipowner; (5) the place where the employment contract was made; (6) the inaccessibility of a foreign forum; and (7) the law of the forum which has perfected personal jurisdiction.

Of these elements four of the criteria have been accorded relatively little importance. These are (1) flag, (2) place of injury, (3) place where the seaman's contract was made, and (4) inaccessibility of a foreign forum. The allegiance of the parties and the shipowner's base of operations have been accorded the greatest significance. *See Moncada v. Lemuria Shipping Corp., supra* at 473. Thus, the benefits of the Jones Act have not been accorded in a suit against a foreign shipowner by a nonresident seaman who seeks redress for injuries sustained on a vessel of foreign registry where the foreign shipowner's major base of operations is outside the United States.

█ Although plaintiff initially contended that the majority of the stock of the defendant was owned or controlled by American citizens or residents, the defendant has submitted uncontroverted affidavits attesting that all shareholders of Konkar Intrepid Corp. are citizens and residents of Greece. The defendant's principal place of business is in Athens, and none of the members of the crew is an American citizen. In these circumstances, the happenstance that the accident occurred while the Konkar Intrepid was in American waters—the only contact the controversy has with the United States—is insufficient to invoke the Jones Act.

■ Since the Jones Act does not apply to this case and diversity jurisdiction is lacking, the law claim in the complaint may properly be and is dismissed for lack of subject matter jurisdiction. *Dassigienis v. Cosmos Carriers & Trading Corp.*, 442 F.2d 1016, 1018 (2d Cir. 1971). Were the question one residing in the Court's discretion, *but see, Bartholomew v. Universal Tankships, Inc.*, 263 F.2d 437, 443 (2d Cir. 1959), the facts herein would at all events lead the Court to decline jurisdiction of the law claim on *forum non conveniens* grounds. However, 28 U.S.C. § 1333 could confer admiralty subject matter jurisdiction over the claim for plaintiff's injuries. *See* Gilmore & Black, *The Law of Admiralty* 40 (2d ed. 1975) (suit may be brought under the admiralty jurisdiction where that is "visibly . . . the only ground of federal jurisdiction").

■ The complaint states that jurisdiction is asserted by virtue of the Jones Act and the General Maritime Law. There is no reason to hold plaintiff to an election by his pleading to proceed solely at law. *See* Fed.R.Civ.P. 9(h), 15(a); *Doucet v. Wheless Drilling Co.*, 467 F.2d 336, 339 (5th Cir. 1972) ("plaintiff's choice of the law side was not an irrevocable one"); *O'Neill v. Cunard White Star*, 160 F.2d 446, 447 (2d Cir.), *cert. denied*, 332 U.S. 773, 68 S.Ct. 56, 92 L.Ed. 358 (1947) ("any ground of substantive jurisdiction will serve to support an action, regardless of the formal amendments which may be necessary to make it triable on one side or the other of the Court"). Of course, in the admiralty jurisdiction, plaintiff would not be entitled to the jury trial he requests, *Fitzgerald v. United States Lines*, 374 U.S. 16, 17, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963), and the rule of decision would need be supplied by foreign law, for the general maritime law of the United States may no more be applied to a case of this type than may the Jones Act. *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 382, 79 S. Ct. 468, 3 L.Ed.2d 368 (1959) (same choice-of-law criteria apply to both Jones Act and general maritime law).

■ Nonetheless, where an alternative forum is available to the plaintiff in which all the sources of proof are available, a federal district court has "unqualified discretion to decline jurisdiction in suits in admiralty between foreigners." *Canada Malting Co. v. Paterson Steamships*, 285 U.S. 413, 421, 52 S.Ct. 413, 76 L.Ed. 837 (1932); *Massachusetts v. Missouri*, 308 U.S. 1, 19, 60 S.Ct. 39, 84 L.Ed. 3 (1939); *Garis v. Compania*, 386 F.2d 155 (2d Cir. 1967). Such a forum exists here.

■ The defendant KI has submitted an affidavit from Greek counsel asserting that a Greek forum is available to the plaintiff. Defendant KI has also agreed to consent to appear in Greece, to waive any defenses based on the statute of limitations or personal jurisdiction; and if necessary to post bond if plaintiff files suit in Greece within 90 days after entry of judgment of dismissal of the case at bar. *Cf. Frangiskatos v. Konkar Maritime Enterprises*, 353 F.Supp. 402, 404 (S.D.N.Y.), *aff'd*, 471 F.2d 714 (2d Cir. 1972); *Rodriguez v. Orion Schiffahrts–Gesellschaft Reith & Co.*, 348 F. Supp. 777 (S.D.N.Y.1972).

Given these commitments by the defendant KI, the Court declines to entertain jurisdiction in admiralty over this controversy. This exercise of discretion is warranted by the Greek forum's convenient access to both proof and witnesses, familiarity with the applicable law on the part of the forum Court and by the advisability of precluding a contribution to the congestion of the federal courts by a suit of so little contact with the United States. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Garis v. Compania, supra.*

The motions to dismiss this suit are hereby granted for the reasons indicated above. Complaint dismissed.

So ordered.