## FONSECA v. FROTA OCEANICA BRASILEIRA, S.A., et al.

No. 79-2025-CA.

Circuit Court, Duval County.

September 11, 1979.

Arthur Roth, Miami, and Fields & Rosen, New York, N.Y., for the plaintiff.

Harold B. Wahl, George D. Gabel, Jr. and Michael D. Whalen of Wahl & Gabel, Jacksonville, for the defendants.

Boyd, Jenerette, Leemis & Staas, Jacksonville, for the third-party defendants.

EVERETT R. RICHARDSON, Circuit Judge.

*Summary final judgment:* Plaintiff, Ubirajara Da Costa Fonseca ("Fonseca"), has sued defendants, Frota Oceanica Brasileira, S.A. ("Frota Oceanica") and Omnium Agencies, Inc. ("Omnium"), for damages under the United States federal statute 46 U.S.C.A. §688, commonly known as the Jones Act, and under the general maritime laws of the United States for unseaworthiness and maintenance and cure for personal injuries occurring while Fonseca was employed aboard the M/V "Frotasul." The defendants, separately and severally, have filed motions for summary judgment in their favor. After having heard argument of counsel and based upon the record on file, the court finds as follows —

1. The M/V Frotasul is and at all times material to this action was a Brazilian vessel, registered out of a Brazilian port and flying the flag of Brazil.

2. The plaintiff, Fonseca, is now and at all times material to this action was a citizen and domiciliary of Brazil.

3. The defendant, Frota Oceanica, is the owner and operator of the M/V Frotasul. Frota Oceanica is and at all material times was a Brazilian corporation, with its principal place of business at Rio de Janeiro, Brazil, all of whose stockholders and officers are citizens and residents of Brazil. Defendant Frota Oceanica has no officers, directors, stockholders or employees who are citizens, residents or domiciliaries of the United States.

4. Frota Oceanica maintains no business office in the United States.

5. The plaintiff, Fonseca, was, at the time of his accident, employed by Frota Oceanica under a labor contract executed in Brazil which provided that the plaintiff, Fonseca, was employed for a round trip voyage to commence and end in Brazil.

6. The plaintiff, Fonseca, has returned to Brazil where he is now living.

7. In light of the above undisputed facts, Brazilian law and not United States law is the proper law for the court to apply in this case. *Lauritzen v. Larsen*, 345 U.S. 571, 97 L.Ed. 1254 (1953).

8. The fact that the plaintiff was injured while the vessel was in United States waters carries little weight in determining the choice of law in view of the wholly fortuitous circumstances of the place of the injury. *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 3 L.Ed.2d 368 (1958).

9. Defendant, Omnium, was not an employer of the plaintiff, Fonseca, and is not liable to him under the Jones Act or for maintenance and cure, both of which rights being predicated on an employer-employee relationship. *Spinks v. Chevron Oil Company*, 507 F.2d 216 (5th Cir., 1975); *Dassignienis v. Cosmos Carriers & Trading Corp.*, 442 F.2d 1016 (2d Cir., 1971).

10. A disclosed agent of the vessel and its owner who is not the owner, charterer nor has operational control of a vessel has no duty to maintain that vessel in seaworthy condition and no action can be against such agent for unseaworthiness. *Cryer v. Prestressed Concrete Products Co.*, 391 F.Supp. 972 (E.D.La. 1974) aff'd, 507 F.2d 1278 (5th Cir. 1975).

11. The depositions, exhibits and other discovery on file show that there is no genuine issue as to any material fact and that the above-named defendants are entitled to judgment as a matter of law.

It is therefore ordered and adjudged —

The motions of defendants, Frota Oceanica Brasileira, S.A. and Omnium Agencies, Inc., for summary judgment are granted, judgment is entered for said defendants against the plaintiff on his causes of action under United States of America law as to causes of action alleged under the law of the United States of America and said defendants shall go hence without day on such causes of action provided that within 60 days plaintiff may allege here any cause of action he has under the laws of Brazil, and defendants may plead thereto as advised within 30 days after receipt of copy thereof.