Amalia **KASSAPAS, individually and as personal representative of Georgios Kassapas, deceased; Nikolas Kassapas and Constantinos Kassapas, minors, by their mother, Amalia Kassapas; Despina Kassapas and Constantinos Kassapas; Georgios Lambou, individually and as personal representative of Andreas Lambou, deceased; Vasiliki Lambou, Sofia Lambou and Vasiliki Lambou, Plaintiffs,**

v.

**ARKON SHIPPING AGENCY, INC., Konkar Shipping Agencies, S.A., and Konkar Resolute Corp., Defendants.**

**No. 82 Civ. 6954 (MP).**

United States District Court,
S.D. New York.

Feb. 8, 1984.

Kreindler & Kreindler by Paul S. Edelman, New York City, for plaintiffs.

Healy & Bailley by John R. Geraghty, New York City, for defendants.

## MEMORANDUM AND ORDER

MILTON POLLACK, Senior District Judge.

This is an action brought under the Jones Act, 46 U.S.C. § 688 and under the general

maritime law of the United States to recover damages for the alleged wrongful death of two Greek seamen. Defendants have brought a motion seeking, *inter alia*, dismissal of this action on the ground of *forum non conveniens*, pursuant to Fed.R. Civ.P. 12. For the reasons to be set forth below, this Court shall grant that motion.

Plaintiffs are the personal representatives, heirs and dependents of two Greek seamen who died of apparent asphyxiation aboard the M/V KONKAR RESOLUTE on May 29, 1980. All plaintiffs herein are citizens and residents of Greece. The alleged wrongful deaths of which plaintiffs complain occurred while the vessel was in Soviet waters.

Defendant Konkar Resolute Corp., the owner of the vessel, is a Liberian corporation having its principal place of business in Greece. All shareholders, officers and directors of the corporation are Greek citizens, and are residents of either Greece or Saudi Arabia. The vessel itself is of Greek registry and was chartered by a Panamanian corporation at the time the two seamen died. Charter fees were paid by the charterer into a bank account maintained by the shipowner in New York.

Defendant Konkar Shipping Agencies, S.A. managed the M/V KONKAR RESOLUTE on behalf of the shipowner. Konkar Shipping Agencies was responsible for fixing charters, routing the vessel when not chartered, provisioning the vessel and hiring and paying the wages of the ship's crew. Konkar Shipping Agencies is a Greek corporation, with its principal place of business in Greece. Its shareholders, officers and directors are Greek citizens, and are residents of either Greece or Saudi Arabia.

Defendant Arkon Shipping Agency, Inc. is a New York agent of Konkar Shipping Agencies. Arkon assisted in the negotiation of charters for the M/V KONKAR RESOLUTE in New York, and executed charters it negotiated on behalf of Konkar Shipping Agencies. All charter arrangements, however, had to be approved by Konkar Shipping Agencies. Arkon, moreover, was empowered to withdraw funds from Konkar Resolute Corporation's New York bank account to pay routine expenses for the vessel and to make bunkering arrangements for the ship when it was not under charter.

Defendant shipowner has agreed to appear and defend any wrongful death action plaintiffs might bring in Greece, and to waive any defenses based on statutes of limitations or laches if plaintiffs bring an action in Greece within thirty days of dismissal of this action.

In *Koupetoris v. Konkar Intrepid Corp.*, 402 F.Supp. 951, 953 (S.D.N.Y.1975) (Pollack, J.), *aff'd*, 535 F.2d 1392 (2d Cir. 1976), this Court held that a New York forum was not a convenient forum for the assertion of a Jones Act/general maritime law action similar to the one now at bar. *Koupetoris* was an action brought by a Greek seaman for injuries sustained aboard a vessel anchored in an American harbor. The defendants were the shipowner (a Liberian corporation with a principal place of business in Greece) and a New York corporation, which, as the shipowner's agent, performed duties in New York of a broader scope than those performed by defendant Arkon in the instant case. (The New York agent in *Koupetoris* performed provisioning and crewing functions performed by the Greek vessel manager in the instant case.) All shareholders of the shipowner in *Koupetoris* were Greek citizens and residents; the vessel itself flew the Greek flag. Finally, the shipowner made itself amenable to suit in Greece in the event of the dismissal of the action pending in this Court.

If anything, this Court is a less suitable forum for the maintenance of the instant case than it was for the assertion of the *Koupetoris* action. The injuries complained of herein occurred, not in U.S. waters, but in the port of Leningrad. The New York agent of the shipowner in the instant case had narrower duties than those of the *Koupetoris* New York agent. In short, *Koupetoris* compels dismissal of this action.

*Hellenic Lines Ltd. v. Rhoditis*, 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970), cited by the plaintiffs, is factually irrelevant to the instant situation. In *Rhoditis*, the *ship operator* had its largest office in New York and a second office in New Orleans, and the injury occurred in American (not as here, in Soviet) waters.

This action is dismissed on the ground of *forum non conveniens*.