**BURLINGTON INDUSTRIES, INC., Plaintiff,**

v.

**SALEM INTERNATIONAL COMPANY, d/b/a Salem Furniture, Naief M. Salem and Mahmoud M. Salem, Defendants.**

No. 86 Civ. 7053.

United States District Court, S.D. New York.

Oct. 20, 1986.

Hahn & Hessen, New York City, for plaintiff; Robert J. Clerkin, of counsel.

Thacher Proffitt & Wood, New York City, for defendants; Joel B. Harris, Samuel Rosenberg, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

The plaintiff, Burlington Industries, Inc., ("Burlington") a corporation with its principal place of business in New York City, New York, sold merchandise over a period of time to the defendant Salem International Company ("Salem"), a corporation doing business in Virginia and Maryland. Salem executed a series of notes to secure payment of its accounts with Burlington so as to provide it with extensions of credit. Payment of these notes were guaranteed by the defendants Naief M. Salem and Mahmoud M. Salem, the principal shareholders and officers of Salem, who are residents of Falls Church, Virginia. Upon Salem's default in the payment of goods sold and delivered to it, Burlington commenced this action against it and the individual defendants to recover upon the notes and the guarantees the sum of $230,-760.45, together with counsel fees.

Plaintiff asserts additional claims against Mahmoud M. Salem based upon drafts drawn by him upon a Salem bank account, which were returned by the bank marked "insufficient funds," and a further claim based upon a subordination agreement executed by him in favor of Burlington. The total recovery sought against him is the sum of $129,845 plus punitive damages, counsel fees and expenses.

The defendants move to dismiss the complaint for lack of in personam jurisdiction, improper venue, and failure to join an indispensable party, or in the alternative for a transfer of the action pursuant to 28 U.S.C. § 1404(a) to the Eastern District of Virginia, Alexandria Division, where the individual defendants reside and Salem carries on business.

## THE MOTION TO DISMISS FOR LACK OF IN PERSONAM JURISDICTION

The defendants assert they have no contacts with this State; that the discussions relating to the purchase of the merchandise, payment of which was defaulted, took place through telephone calls from Virginia to New York and that all relevant documents were signed in Virginia; that they maintain no offices, employ no persons, maintain no bank accounts, have no telephone listing and own no property in this

District or State; that the furniture that is the basis for this suit was shipped from Burlington's warehouse in North Carolina and payments therefor were to be made in Pennsylvania at Burlington's office there.

In resisting this branch of the motion, the plaintiff has submitted an affidavit of the Manager of its Special Collections in the Credit Department who avers that Burlington maintains regular offices for the transaction of business at Burlington House in New York City; that his activities include extensions of credit to customers as well as collection of past due accounts; that he was in charge of the Salem account and had personal dealings with the individual defendants, Salem's principal officials, including at least two meetings in his office in New York City to discuss credit arrangements for the release of merchandise by plaintiff and also to arrange for payment of Salem's account after it was past due. These discussions concerned two open account notes for the sum of $500,000 each, executed by Salem on two different dates. Based on these notes, Burlington extended credit to Salem for merchandise shipped by charging the amounts due against the face amount of the notes.

■ The credit manager avers that in May 1985 there was past due an unpaid balance on both notes of $398,262.29; that with respect to this indebtedness he had numerous communications on the telephone and by letter, from his office in New York, with the individual defendants; and that as a result of these communications Mahmoud Salem came to the Burlington credit office in New York City on May 20, 1985. At that meeting they reached an agreement whereby Burlington accepted post-dated checks for the unpaid balance of $398,-262.29 payable periodically through December 31, 1985. Some of these checks were returned by the bank as uncollectible, following which on February 24, 1986 Mahmoud Salem again appeared at the Burlington office to discuss the arrearages and a program was agreed upon whereby Mahmoud Salem delivered post-dated checks to Burlington, which were signed and delivered at the credit manager's office. The averments are not challenged by the defendants. Upon the facts presented Mahmoud Salem, on those occasions in New York City, was representing not only his own interests but those of the other individual codefendant, who together with him owned 100% of the stock of Salem, as well as Salem's interests. Extension of credit was vital to the interests of all. A denial of further credit clearly would have meant an insolvency proceeding, litigation or other adverse consequences to the corporation and the individuals. Mahmoud Salem, by his appearance at the Burlington office in this District, was negotiating on behalf and serving the interests of each. The two meetings at the offices of Burlington in New York City and the agreements reached there were more than sufficient to give New York long arm jurisdiction over the corporation and the defendants under the New York Civil Practice Law and Rules § 302(a)(1).[1] The fact that some of the documents executed pursuant to the credit agreements between the parties were signed in Little Falls, Virginia, does not require a different result.[2]

The contention advanced by the defendants that to subject them to New York's jurisdiction would violate the Due Process Clause of the United States Constitution is without substance; their reliance upon *World-Wide Volkswagen Corp. v. Woodson*[3] is misplaced. In that case the defendant carried on "no activity whatsoever" in the State in which it was sought to subject it to jurisdiction and availed itself of no

1. See *Sterling Nat. Bank and Trust Co. of N.Y. v. Fidelity Mtg. Investors*, 510 F.2d 870, 873–74 (2d Cir.1975); *American Contract Designers v. Cliffside, Inc.*, 458 F.Supp. 735, 739 (S.D.N.Y.1978); see also *George H. Reiner & Co., Inc. v. Schwartz*, 41 N.Y.2d 648, 394 N.Y.S.2d 844, 463 N.E.2d 551 (1977).

2. *Lehigh Valley Indus., Inc. v. Birenbaum*, 527 F.2d 87, 91 (2d Cir.1975); *Mayer v. Josiah Wedgwood & Sons, Ltd.*, 601 F.Supp. 1523, 1530–31 (S.D.N.Y.1985).

3. 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

privileges or benefits under the laws of the State—a factual situation far removed from that of the instant case. Here the negotiations of the terms of two agreements, which lifted the burden of the severe credit problem which confronted all of the defendants under the notes and guarantees, were carried on and agreed to within the state, and this clearly does not "offend traditional notions of fair play and substantial justice." [4] There is nothing unreasonable in requiring the defendants to defend in this State, particularly since several of the agreements signed by the individual defendants contained a provision that in the event of suit they recognized New York State as a proper forum and that its laws were to apply.[5]

The motion to dismiss the complaint as against defendants for lack of in personam jurisdiction is denied.

THE MOTION TO DISMISS BASED UPON THE DOCTRINE OF FORUM NON CONVENIENS OR ALTERNATIVELY TO TRANSFER UNDER 18 U.S.C. § 1404(a)

In their application the defendants have blurred the distinction between dismissal of an action under the doctrine of forum non conveniens and a transfer of an action from one district to another under 28 U.S.C. § 1404(a). This action is among citizens and domestic corporations, with jurisdiction based on diversity. There is no claim that no other United States district court would have jurisdiction over this action, and therefore, the determination of the motion is to be made under § 1404(a).[6] Under § 1404(a), transfer and not dismissal is the ultimate issue to be decided, and, therefore, that is the relevant consideration in the instant case.

The burden is on the movant to make a clear showing that the proposed transferee district is a more convenient one, and that the interests of justice would be better served by a trial there.[7] The defendants, in support of their motion, argue essentially that Salem is incorporated and carries on its principal business activities in the states of Virginia and Maryland;[8] that evidence relating to advertising credits, condition of furniture upon delivery and payment of records are located or available there; that the individual defendants Naief M. Salem and Mahmoud M. Salem are Virginia residents, as are Salem's employees and its advertising agents; and that the Burlington sales representative is based in Annapolis, Maryland. Consequently they urge that plaintiff's choice of forum imposes a heavy and unwarranted burden on the defendants in terms of transportation of themselves and other witnesses, as well as the transportation of documents, to New York. Except for the principals of the defendants, there is no showing as to the materiality or relevancy of the testimony of other witnesses with respect to plaintiff's claim for a balance due for goods sold and delivered to Salem, and upon the guarantees of payment by the individual defendants.

■ On the other hand, plaintiff maintains its principal office here, extended credit to Salem from its office here and negotiated and agreed upon the terms of further extensions of credit in this District when Salem defaulted. While no doubt it would be more convenient for defendants to have the action tried at their home base, the claim that it is burdensome to travel to this District is without substance. The airplane trip to this District from defendants'

4. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940)).

5. *See Bense v. International Battery System,* 683 F.2d 718, 721 (2d Cir.1982).

6. *See Fitzgerald v. Westland Marine Corp.,* 369 F.2d 499, 501 n. 3 (2d Cir.1966); *see also Scher-*

*tenleib v. Traum,* 589 F.2d 1156, 1161 (2d Cir. 1978).

7. *Schneider v. Sears,* 265 F.Supp. 257, 263 (S.D. N.Y.1967).

8. Plaintiff's complaint states "upon information and belief" that Salem is a Maryland corporation; however, the result in this case is not affected by this discrepancy.

offices or homes is of short duration, with planes conveniently leaving Washington for New York on a frequent basis during the day and available for return at a like schedule. Transfer is not justified by the convenience of plaintiff's witnesses, the cost of transporting the witnesses, or production of documents when viewed against the foregoing and the fact that most of the basic events upon which plaintiff's claims rest were performed in this State. Additionally, as already noted, the individual defendants expressly consented to the jurisdiction and venue of this forum, in the event of suit arising out of the transactions at issue, and no fact or circumstance has been advanced to nullify this contractual commitment. The consent is a substantial factor which should give way only under the most compelling circumstances.[9]

If the parties move expeditiously, this case can be tried before this Court within nine months after the commencement of the action. The defendants have not set forth the nature of any defense to the claims asserted by plaintiff and the trial should be of comparatively short duration.

So ordered.

---

9. *See Bense v. International Battery System,* 683    F.2d 718, 721 (2d Cir.1982).