**JOSEPH MULLER CORPORATION ZURICH, Plaintiff,**

**v.**

**SOCIETE ANONYME DE GERANCE ET D'ARMEMENT and Petromar Societe Anonyme, Defendants.**

**JOSEPH MULLER CORPORATION ZURICH, Plaintiff,**

**v.**

**SOCIETE ANONYME DE GERANCE ET D'ARMEMENT,** Petromar Societe Anonyme, Mundo Gas, S.A., Gazocean International, S.A., Gazocean France, Gazocean, U.S.A., et al., Defendants.

Nos. 69 Civ. 4222, 4223.

United States District Court,
S. D. New York.

June 23, 1970.

**440**

Raphael, Searles & Vischi, New York City, for plaintiff; Benjamin Gassman, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendant Societe Anonyme De Gerance Et D'Armement; John C. Moore, and C. Raymond Nelson, New York City, of counsel.

### OPINION

MacMAHON, District Judge.

Defendant Societe Anonyme De Gerance Et D'Armement moves, pursuant to Rule 12(b), Fed.R.Civ.P., to dismiss the complaints in two separate but related actions. Alternatively, defendant moves to stay the first action pending arbitration.

Plaintiff is a corporation organized under the laws of Switzerland with its principal place of business in Zurich. The moving defendant is a corporation organized under the laws of France with its principal place of business in Paris.

In the first of the two actions, plaintiff claims defendant breached a written charter party agreement with plaintiff to transport by ship a chemical product, vinyl chloride monomer (VCM) from the United States to Europe. Plaintiff also claims that it exercised an irrevocable option which had been granted by defendant to extend the charter party agreement under the same terms and conditions as the original contract and that defendant breached this agreement by refusing to transport and deliver additional VCM.

In the second action, plaintiff claims defendant violated the federal antitrust statutes by monopolizing the transportation of VCM and conspiring to fix transportation charges.

Defendant's motions to dismiss the complaints in both actions on the ground of lack of subject matter jurisdiction can conveniently be considered together, since they raise the same question:

plaintiff's legal capacity to sue defendant in the United States. Defendant contends that the Swiss laws under which plaintiff was organized prohibit plaintiff from suing defendant anywhere except in France.

Specifically, defendant relies on a Convention on Jurisdiction and Enforcement of Judgments in Civil Matters entered into by France and Switzerland in 1869. This treaty provides in substance that in all disputes of a civil or commercial nature between French and Swiss nationals, the plaintiff is required to institute the action in the courts of the nation of the defendant.

The Federal Rules of Civil Procedure provide that "the capacity of a corporation to sue or be sued [in a federal court] shall be determined by the law under which it was organized." Fed.R. Civ.P. rule 17(b).

▇ At first glance, Rule 17 would appear to allow the state or nation under whose laws a corporation is organized to grant the corporation the capacity to sue and immunize it from being sued anywhere except in the state or nation of incorporation. "Capacity to sue or be sued," however, as used in the Rule was, in order to obviate this problem of creating immunity, intended to mean the general capacity to sue or be sued. The laws under which a corporation is organized either grant or withhold the capacity to sue or be sued, and the Federal Rules look to the laws under which a corporation is organized to determine if a corporation has been granted this general capacity.

Once it is determined that a corporation has the general capacity "to sue or be sued," the Rule is satisfied and the federal statutes governing venue will determine the place of trial, regardless of whether or not the laws under which the corporation was organized limit the places where a corporation can sue or be sued. See 2 Barron & Holtzoff, Federal Practice & Procedure, § 485, p. 40 (Wright ed. 1961). See also Hearings Before House Comm. on the Judiciary, 75th Cong., 3d Sess., ser. 17, at 20 (1938).

▇ Defendant does not claim that either it or plaintiff lacks the general capacity to sue or be sued. Both parties have been granted by the laws under which they are organized the capacity to sue or be sued, and the venue limitations imposed by the treaty do not incapacitate plaintiff from suing defendant, nor do they affect our subject matter jurisdiction.

Defendant raises no objection other than the treaty to the jurisdiction of this court, and defendant's motion on the ground of lack of jurisdiction is, therefore, denied.

We turn to defendant's alternative motion for a stay pending arbitration of the claims involved in the action for breach of contract.

Defendant claims that the contract provided for arbitration of disputes and that the claims involved in the first action are disputes which are within the intendment of the contract's arbitration clause.

Plaintiff does not deny that the disputes raised in the first action were of a type that the parties agreed to arbitrate. Plaintiff, in fact, sought to arbitrate these exact same disputes prior to commencing suit, and plaintiff claims defendant at that time refused. Plaintiff, even now, does not contend that the issues are not arbitrable, nor does it squarely oppose arbitration. The only opposition plaintiff raises is as to the place of arbitration.

Plaintiff wants the arbitration to proceed before the International Chamber of Commerce in New York, and defendant wants it to proceed before that same body, but in Paris.

The solution to this controversy concerning venue for the arbitration proceeding is supplied by the charter party agreement which provides that all disputes would be arbitrated in accordance with the Rules of Conciliation and Arbitration of the International Chamber of Commerce. Article 18 of those rules

provides for a Joint Arbitration Committee, set up by the International Chamber of Commerce and the American Arbitration Association, to determine disputes as to the place where the arbitration is to take place.

Since neither party disputes the validity of the charter party's arbitration clause or the arbitrability of the disputes under that clause, the intention of the parties can best be effectuated by staying the action for breach of contract pending arbitration of the dispute as to the venue for arbitration, as well as the disputes concerning the original charter party agreement and the alleged extension of that agreement.

Accordingly, defendant's motion to dismiss both complaints is denied, and defendant's motion to stay the first action (69 Civ. 4222) pending arbitration is granted.

So ordered.