**JOSEPH MULLER CORPORATION ZURICH, Plaintiff-Appellee,**

v.

**SOCIETE ANONYME de GERANCE et D'ARMEMENT, Defendant-Appellant, and Petromar Societe Anonyme et al., Defendants.**

Nos. 122, 123, Dockets 35332, 35333.

United States Court of Appeals, Second Circuit.

Argued Oct. 13, 1971.

Decided Nov. 11, 1971.

---

2. On the motion to dismiss in the trial court the appellant alleged certain witnesses were no longer available.

Raphael, Searles & Vischi, New York City, (Benjamin Gassman and Sidney O. Raphael, New York City, of counsel), for plaintiff-appellee.

Haight, Gardner, Poor & Havens, New York City (John C. Moore, C. Raymond Nelson and John deP. Douw, New York City, of counsel), for defendant-appellant.

Before FRIENDLY, Chief Judge, CLARK, Associate Justice, Retired,* and KAUFMAN, Circuit Judge.

PER CURIAM:

Joseph Muller Corporation Zurich, a Swiss corporation, brought two separate but related actions in the District Court for the Southern District of New York against Societe Anonyme de Gerance et D'Armement (SAGA), a French corporation, and other defendants. In the first action, Joseph Muller charged SAGA and another defendant with breach of a charter party agreement to transport certain chemical commodities from the United States to Europe and failure to honor Joseph Muller's exercise of an allegedly irrevocable option to extend the charter party agreement. In the second action, Joseph Muller charged SAGA and other defendants with conspiring to fix prices for and with the monopolization of the transportation of various chemical commodities. On motions by SAGA to dismiss both actions for lack of subject matter jurisdiction because of a Franco-Swiss treaty requiring that suits between nationals of France and Switzerland be brought in the courts of the defendant's nation, the District Court, 314 F.Supp. 439, deemed the issue in the case of both suits to be "plaintiff's legal capacity to sue defendant in the United States." Treating the issue as controlled by Rule 17(b), F.R.Civ.P., which provides that "[t]he capacity of a corporation to sue or be sued shall be determined by the law under which it was organized," it held that the Republic of Switzerland had granted Joseph Muller the general capacity to sue or be sued and that therefore the suits could be prosecuted in federal court consistent with Rule 17(b). After appropriate certification by the District Court, this Court granted leave to appeal under 28 U.S.C. § 1292(b), and the two appeals were consolidated.

■ We agree with the District Court's conclusion that Rule 17(b) deals only with the general capacity of a corporation to sue or be sued, see 6 Wright & Miller, Federal Practice and Procedure § 1561, at 733–34 (1971), 3A Moore, Federal Practice ¶ 17.21 at 771 (2d ed. 1970), and that since both Joseph Muller and SAGA have such general capacity under the laws of the nations to which they owe their existence, the Franco-Swiss treaty would not constitute a bar to either of these suits if Rule 17(b) were the sole problem in this case. The question remains, however, whether oth-

* Of the Supreme Court of the United States, sitting by designation.

er considerations including comity due to the Franco-Swiss treaty, see Hilton v. Guyot, 159 U.S. 113, 163–164, 16 S.Ct. 139, 40 L.Ed. 95 (1895); United States v. First National City Bank, 396 F.2d 897, 901 (1968), require dismissal of these actions. We have concluded that dismissal is required with reference to the contract suit but not as to the one filed under the Sherman Act.

■ In the latter case, a long standing public policy of the United States is involved which enjoys an overriding public interest and violations of which carry penal sanctions. In view of this and regardless of whether the Franco-Swiss treaty covers such an action, we are of the view that comity between nations does not require dismissal. See *First National City Bank, supra,* at 902–903; Restatement (Second) of Foreign Relations Law of the United States § 40, at 123, Reporters' Notes discussing Holophane Co. v. United States, 352 U.S. 903, 77 S.Ct. 144, 1 L.Ed.2d 114 (1956). In addition to the usual considerations, the appellants here all have offices in the United States and are carrying on both foreign and domestic trade and commerce in the commodity involved within its borders. Furthermore, the appellant, SAGA, has a wholly owned subsidiary, SAGA, Inc., a New York corporation, which carries on a large business and has many employees in the Southern District; and the appellant, Gazocean International, S.A., and Gazocean France, have a jointly owned subsidiary, Gazocean USA, a New York corporation, that is likewise engaged in business in the United States.

Finally the overt acts, conferences, meetings, etc. involved in the anti-trust claim occurred largely within the United States and the trade and commerce in the commodity involved originated in the United States and was to be shipped from it to other countries.

■ While considerations of international comity would suggest that—given the policy expressed in the Franco-Swiss treaty—United States courts should decline to exercise jurisdiction over a purely private action such as the contract suit here at issue, particularly when the contracts were entered into and were to be performed largely outside the United States, we need not rest our decision on that ground. The pleadings in that suit fail to reveal any basis of federal jurisdiction. Joseph Muller's complaint asserted jurisdiction based upon diversity of citizenship. But as the pleadings clearly show, all parties are aliens, and neither the constitutional nor statutory grants of jurisdiction include such a suit. See U.S.Const. Art. III, § 2, cl. 1, subcl. 8; 28 U.S.C. § 1332(a) (2).[1] Although we have given consideration to the doctrine of pendent jurisdiction, see United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), we have concluded that this would not be an appropriate case for doing so, since the actions are based on different facts, are of entirely different types, and would not ordinarily be tried in one judicial proceeding.

In view of these considerations, the judgment with reference to Case No. 35332—Joseph Muller v. Societe Anonyme de Gerance et D'Armement and Petromar—is reversed, and Case No. 35333—Joseph Muller v. Societe Anonyme de Gerance et D'Armement and Petromar Societe et al. is affirmed.

1. Also see Hodgson and Thompson v. Bowerbank, 5 Cranch 303, 3 L.Ed. 108 (1809), where Marshall, C. J., held that although the plaintiff be described in the proceedings as alien, yet defendant must be expressly alleged to be a citizen of some one of the United States, otherwise the courts of the United States have no jurisdiction in the case; Romero v. International Terminal Operating Co., 358 U.S. 354, 390, Footnote 1, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959) (Brennan, J., dissenting); and National Mutual Insurance Company of District of Columbia v. Tidewater Company, 337 U.S. 582, 635, 69 S.Ct. 1173, 93 L.Ed. 1556 (1949) (Vinson, C. J., dissenting); Chas. Alan Wright, Law of Federal Courts, 2d Edition, 18 and 1 Moore's Federal Practice 701.51 (2nd Edition).