**JOSEPH MULLER CORPORATION ZURICH, Plaintiff-Appellant,**

v.

**SOCIETE ANONYME DE GERANCE ET D'ARMEMENT et al.,
Defendants,**

**Gazocean International, S.A., et al.,
Defendants-Appellees.**

**No. 154, Docket 74–1889.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 27, 1974.

Decided Dec. 31, 1974.

---

Joseph W. Burns, New York City (Burns, Van Kirk, Greene & Kafer, New York City, on the brief), for plaintiff-appellant.

Sanford M. Litvach, New York City (Doris K. Shaw, Donovan, Leisure, Newton & Irvine, New York City, on the brief) for defendant-appellee, Mundo Gas, S.A.

Richard E. Carlton, Michael Winger, New York City (Sullivan & Cromwell, New York City, on the brief), for defendants-appellees, Petronia, Societe Anonymous.

Victor S. Friedman, Peter B. Sobol, Fried, Frank, Harris, Schriever & Jacobson, New York City, on the brief for

defendants-appellees, Gazocean International S.A. and Gazocean France.

Before CLARK, Associate Justice,* and MOORE and TIMBERS, Circuit Judges.

PER CURIAM:

On September 25, 1969, appellant, a Swiss corporation, filed this private antitrust action in the District Court, naming six foreign and domestic corporations as defendants. Two of these corporations were served with the complaint at that time.[1] The remaining four, appellees herein, were not served until December of 1973, over four years later. Upon return and pursuant to Fed.R. Civ.P. 41(b), appellees moved for an order dismissing the case as to them for failure to prosecute, which was in due time granted in an opinion filed February 27, 1974. We affirm.

Rule 41(b) provides that: "For failure of the plaintiff to prosecute * * * a defendant may move for dismissal of an action * * * against him." In Messenger v. United States, 231 F.2d 328 (2d Cir. 1956), this Circuit applied the rule in circumstances similar to those in the instant case and concluded that an unexplained and unreasonable delay in service constituted grounds for dismissal, without regard to any showing of actual prejudice. In granting the motions, the District Court found that appellant had "produced not the slightest rational excuse" for its procrastination and held that Messenger controlled.

Dismissals under Rule 41(b) are, of course, largely a matter of the trial court's discretion. See Link v. Wabash Railroad Co., 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); Taub v. Hale, 355 F.2d 201, 202 (2d Cir.), cert.

* Associate Justice Tom C. Clark, United States Supreme Court, Retired, is sitting by designation.

1. One of these two defendants, Societe Anonyme de Gerance et D'Armement (a French corporation), subsequently raised an unsuccessful challenge to the subject-matter jurisdiction of the federal court, relying, first, on a Franco-Swiss treaty limiting the forums in which suits between French and Swiss corporations could be brought and, second, on considerations of international comity. The court's jurisdiction as to the antitrust claim was sustained. See 314 F.Supp. 439 (S.D. N.Y. 1971), aff'd, 451 F.2d 727 (2d Cir. 1971), cert. den., 406 U.S. 906, 92 S.Ct. 1609, 31 L.Ed.2d 816 (1972).

den., 384 U.S. 1007, 86 S.Ct. 1924, 16 L.Ed.2d 148 (1966). Here, we perceive no abuse of discretion. *Messenger* is the governing law and the judgments are therefore affirmed.[2]

---

2. Whether the fear of the appellant that the judgments below will operate as a bar to the filing of a new complaint, based on allegations of continuing antitrust violations by appellees, is a matter to be decided at that time and is not reached here.