**Alexander Jean-Paul DE WIT and Jos de Wit, Plaintiffs,**

v.

**KLM ROYAL DUTCH AIRLINES, N.V., Jacobus J. Dekker, USA Manager KLM Royal Dutch Airlines, N.V., Sergio Orlandini, President of KLM Royal Dutch Airlines, N.V., Paul V. Mifsud, House Counsel, KLM Royal Dutch Airlines, N.V., Defendants.**

**No. 83 Civ. 0817 (DNE).**

United States District Court, S.D. New York.

Sept. 7, 1983.

Jos de Wit, pro se.

Debevoise & Plimpton, Robert B. von-Mehren and John G. Koeltl, New York City, of counsel, for KLM Royal Dutch Airlines, N.V. and Paul Mifsud.

## MEMORANDUM OPINION AND ORDER

EDELSTEIN, District Judge.

This is an action for infringement of constitutional rights, breach of contract, withholding of wages and benefits and interference with business relationships. For the reasons set forth herein, the court grants defendants' motion to dismiss the complaint for lack of subject matter jurisdiction.

### FACTUAL BACKGROUND

Plaintiff Jos de Wit ("de Wit") brought this action on behalf of himself and his minor son Alexander Jean-Paul de Wit

("Alexander") against KLM Royal Dutch Airlines, N.V. ("KLM"), several of KLM's senior officials and KLM's house counsel Paul Mifsud ("Mifsud"). De Wit was employed as an internal auditor at KLM in the United States from 1960 until his discharge in April 1978. De Wit currently resides in New York City. Alexander is a United States citizen currently residing in the Netherlands. KLM is a Dutch corporation with its principal place of business in the Netherlands. Its counsel, Mifsud, is a United States citizen and a resident of New York.

The present action arose out of a series of events that commenced after de Wit's discharge from KLM. After his discharge, de Wit, claiming KLM had improperly withheld money from him, disseminated information concerning "the enormous amount of corruption and fraud that has taken place within KLM"[1] to members of the press and others. On April 3, 1979 KLM obtained a preliminary injunction in New York State Supreme Court enjoining de Wit from distributing or discussing any confidential information or trade secrets obtained while in the employ of KLM. *KLM Royal Dutch Airlines, N.V. v. De Wit*, No. 21268/78 (N.Y.Sup.Ct. Apr. 3, 1979). In connection with this preliminary injunction KLM posted a $10,000 bond. The injunction was modified on appeal to prohibit only the dissemination of trade secrets. *KLM Royal Dutch Airlines, N.V. v. De Wit*, No. 5794N (N.Y.App.Div. June 28, 1979).

On January 28, 1983 de Wit commenced the instant action by the filing of a summons and complaint.[2] De Wit alleges that the injunction deprived him of his first amendment rights under the United States Constitution and he is therefore entitled to the $10,000 bond posted by KLM. In addition, de Wit claims that the withholding of the $10,000 by KLM has resulted in the loss of his credit reputation and has prevented his son Alexander from growing up in the United States. De Wit also alleges that KLM unlawfully withheld salary and wage benefits from him, interfered with a real estate transaction he had allegedly arranged and conspired with the Plaza Hotel to restrict his freedom of movement by withholding travel documents.[3]

---

1. See transcript of June 1, 1983 hearing, p. 8.

2. De Wit has commenced a number of court actions involving KLM. The first was a state court action against KLM alleging breach of contract and prima facie tort. That action was dismissed for failure to prosecute. *De Wit v. KLM Royal Dutch Airlines, N.V.*, No. 6921/78 (N.Y.Sup.Ct. Feb. 22, 1983). The second, involved contract and tort claims by de Wit against European American Bank employees for conspiring with Mifsud to withhold funds from de Wit and was dismissed on the finding by Judge Cannella that the claims were meritless. *De Wit v. European American Bank & Trust Co.*, No. 82 Civ. 7960 (S.D.N.Y. Dec. 21, 1982). In addition, de Wit has a suit pending in this court before Judge MacMahon against the City of New York for false arrest and for failure to prosecute certain KLM officials. (No. 82 Civ. 8593).

3. Specifically, in addition to his first amendment claims, de Wit alleges in his complaint that:

> By their withholding of the $10,000 Jos de Wit has been damaged in his credit reputation.... By their actions and negligence defendants impinge on Alexander Jean-Paul de Wit's Right to grow up in the country where he was born, under the custody of his father and get the education in the USA....
> Complaint ¶ 9.
> [KLM] unjustly withheld and/or participated in a scheme to withhold salary and wage supplements owed for services provided.... The unjust withholding of such funds without due process of law, moreover impinges on the property rights of Jos de Wit.
> *Id.* ¶ 11.
> [D]efendants have knowingly and unnecessarily harassed plaintiffs [and] participated in and organized a conspiracy ... to prevent plaintiff Jos de Wit from getting access to his funds, preventing him from paying his bills, causing him and his son to be locked out of their apartment, causing psychological murder or suicide, grossly violating plaintiff's constitutional rights in attempts to devaluate plaintiff's testimony for various North American government agencies.
> *Id.* ¶ 13.
> Defendants interfered in regular business conduct of Jos de Wit by frustrating a real estate presentation and transaction ....
> *Id.* ¶ 15.
> [D]efendants participated in a scheme by which the Plaza Hotel in New York unjustly withholds and continues to withhold travel documents and passports, thereby grossly imping-

On March 1, 1983 KLM and Mifsud[4] filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) on the ground that the court lacks subject matter jurisdiction because neither diversity nor federal question jurisdiction are present. De Wit was granted two extensions to respond to KLM's motion, initially until May 11, 1983 and subsequently until May 27, 1983. On June 1, 1983 the court held a hearing on KLM's motion to dismiss. At the hearing, de Wit submitted his responsive papers, styled as an order to show cause, and an amended complaint which names additional senior officials of KLM as defendants, places jurisdictional reliance on 42 U.S.C. § 1985 and 28 U.S.C. § 1350 and adds the charge of obstruction of justice. At the hearing the court indicated it would not sign de Wit's order to show cause, and asked de Wit whether he would submit any further papers on the motion to dismiss. De Wit indicated that the court should deem his order to show cause and amended complaint to be his response to the motion to dismiss.

## DISCUSSION

### A. Diversity Jurisdiction

Title 28 U.S.C. § 1332(a)(2) provides for federal subject matter jurisdiction as to all suits between "citizens of a State and citizens or subjects of a foreign state." Under this provision complete diversity is a predicate for subject matter jurisdiction, *Field v. Volkswagenwerk AG*, 626 F.2d 293, 296 (3rd Cir.1980); *Joseph Muller Corp. Zu-rich v. Societe Anonyme de Gerance*, 451 F.2d 727, 729 (2d Cir.1971), *cert. denied*, 406 U.S. 906, 92 S.Ct. 1609, 31 L.Ed.2d 816 (1972), and complete diversity is lacking here. KLM is a Dutch corporation with its principal place of business in the Netherlands, and de Wit is a citizen of the Netherlands currently residing in the United States in New York. It is clear that 28 U.S.C. § 1332(a)(2) does not provide for suits brought by aliens against aliens.[5] *Field v. Volkswagenwerk AG, supra* at 296; *IIT v. Vencap, Ltd.*, 519 F.2d 1001, 1015 (2d Cir.1975); *Joseph Muller Corp. Zurich v. Societe Anonyme de Gerance, supra*, at 729; *Dassigienis v. Cosmos Carriers & Trading Corp.*, 442 F.2d 1016, 1017 (2d Cir.1971). Thus, because he is a foreign citizen and KLM a foreign corporation, de Wit cannot successfully assert a jurisdictional basis under § 1332(a)(2).

Similarly, Alexander is a minor child domiciled in the Netherlands. For purposes of determining diversity jurisdiction, however, the domicile of a minor is the domicile of his or her father.[6] *Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir.1968); *Fahrner v. Gentzsch*, 355 F.Supp. 349, 353 (E.D.Pa.1972); *Curry v. Maxson*, 318 F.Supp. 842, 844 (W.D.Mo.1970); *See also* 13 C. Wright & A. Miller, *Federal Practice and Procedure* § 3615 (1975); *cf. Ziady v. Curley*, 396 F.2d 873, 875 (4th Cir.1968) (when father is deceased, minor's domicile is that of his or her mother). Because de Wit is a citizen of the Netherlands, Alexander is considered a citizen of the Netherlands for

---

ing on plaintiffs' Constitutional Right of Freedom of Movement. The restrictions thus imposed on plaintiffs' freedom of movement cause damages on plaintiff de Wit's ability to make a living in international real estate consultancy, it also impinges on plaintiffs' right to enjoy a vacation in a location of their choice. *Id.* ¶ 18.

**4.** The remaining defendants were never served with a summons and complaint, *see* Affidavit of Paul Mifsud, sworn to March 1, 1983 ¶ 2., and have not appeared in this action.

**5.** KLM is an alien corporation under the tests used by either *Jerguson v. Blue Dot Investment, Inc.*, 659 F.2d 31 (5th Cir.1981), *cert. denied*, 456 U.S. 946, 102 S.Ct. 2013, 72 L.Ed.2d 469 (1982) (foreign corporation is a citizen of its place of incorporation and the state where it has its principal place of business) or by *Eisenberg v. Commercial Union Assurance Co.*, 189 F.Supp. 500 (S.D.N.Y.1960) (foreign corporation is a citizen of the state where it has its principal place of business).

**6.** The court notes that this rule, favoring male over female parents is of questionable validity given the recent decision by the United States Supreme Court in *Kirchberg v. Feenstra*, 450 U.S. 455, 101 S.Ct. 1195, 67 L.Ed.2d 428 (1981); *See also Reed v. Reed*, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971).

diversity purposes and complete diversity is lacking for the same reason it was lacking as to de Wit.[7] Additionally, it is well settled that an American citizen living abroad cannot invoke federal court jurisdiction under 28 U.S.C. § 1332(a) because he or she is not considered a citizen of any state as that section requires. *Sadat v. Mertes,* 615 F.2d 1176, 1180 (7th Cir.1980); *Smith v. Carter,* 545 F.2d 909, 911 (5th Cir.) *cert. denied,* 431 U.S. 955, 97 S.Ct. 2677, 53 L.Ed.2d 272 (1977); *Haggerty v. Pratt Institute,* 372 F.Supp. 760, 761 (E.D.N.Y.1974); *Garner v. Pearson,* 374 F.Supp. 580, 588–89 (M.D.Fla. 1973); *Van der Schelling v. U.S. News & World Report, Inc.,* 213 F.Supp. 756 (E.D. Pa.) *aff'd* 324 F.2d 956 (3d Cir.1963), *cert. denied,* 377 U.S. 906, 84 S.Ct. 1166, 12 L.Ed.2d 177 (1964); *Hammerstein v. Lyne,* 200 F. 165, 170–71 (W.D.Mo.1912). Finally, even were the court to find that Alexander is a domiciliary of New York complete diversity would be defeated because defendant Mifsud is also a resident of New York.[8]

Title 28 U.S.C. § 1332(a)(3) which provides for federal jurisdiction over disputes between "citizens of different States and in which citizens or subjects of a foreign state are additional parties" is also not applicable. Under § 1332(a)(3) the main suit must be between citizens of different states with aliens as additional parties. *Joseph Muller Corp. Zurich v. Societe Anonyme de Gerance, supra,* 451 F.2d at 727; *accord Ed & Fred, Inc. v. Puritan Marine Insurance Underwriters Corp.,* 506 F.2d 757, 758 (5th Cir.1975). Even if KLM and de Wit, or KLM and Alexander, could be characterized as additional parties, diversity would still be lacking. As discussed above, for purposes of diversity jurisdiction KLM, de Wit and Alexander are Dutch citizens,

and thus from the same state, and the requirement of complete diversity applies with the same force and effect to "additional parties" under § 1332(a)(3). As the court in *Ed & Fred, Inc., supra,* stated:

> There is no indication—legislative or judicial—that a deviation from the rule applied in ordinary diversity cases would or ought obtain in a suit brought by an alien.

506 F.2d at 758; *Accord Ex Parte Edelstein,* 30 F.2d 636, 638 (2d Cir.), *cert. denied,* 279 U.S. 851, 49 S.Ct. 347, 73 L.Ed. 994 (1929).[9] In conclusion, the court can find no basis for jurisdiction based on diversity of citizenship.

## B. Federal Question Jurisdiction

The only other basis for subject matter jurisdiction is the alleged presence of a substantial federal question pursuant to 28 U.S.C. § 1331. The court, however, can find no basis for federal question jurisdiction in the present case.

De Wit alleges, on behalf of himself and Alexander, a violation of rights guaranteed by the first, ninth and fourteenth amendments of the United States Constitution. Specifically, he claims that the issuance of an injunction deprived him of his first amendment right to freedom of speech, and that KLM sought the injunction "in order to put undue economic burden on Jos de Wit ... in effect obstructing the due process of law." Complaint ¶ 8. However, there is no allegation or evidence of state action which is the predicate for the existence of a constitutional violation under these amendments. *Central Hardware Co. v. National Labor Relations Board,* 407 U.S. 539, 547, 92 S.Ct. 2238, 2243, 33 L.Ed.2d 122

---

**7.** The Restatement (Second) Conflict of Laws has proposed that a child's domicile be determined by the place where he or she is actually residing. Restatement (Second) Conflict of Laws, § 22 (1971); *see also* C. Wright & A. Miller, *Federal Practice and Procedure* § 3615 (1975) (rules not well established for determination of domicile of minors in the custody of others); *cf. Ziady v. Curley, supra,* 396 F.2d at 873. Applying the Restatement formula, however, would not change the result in the present

case since Alexander's domicile is in the Netherlands.

**8.** Additionally, defendant Jacobus J. Dekker is identified in the complaint as a domiciliary of New York.

**9.** For the benefit of the pro se plaintiff, the court notes that the decision *Ex Parte Edelstein, supra,* 30 F.2d 636, relied upon herein has no relationship to this court.

(1972); *United States v. Guest,* 383 U.S. 745, 755, 86 S.Ct. 1170, 1176–77, 16 L.Ed.2d 239 (1966); *Shelley v. Kraemer,* 334 U.S. 1, 13, 68 S.Ct. 836, 842, 92 L.Ed. 1161 (1948); *Taylor v. Consolidated Edison Co. of New York, Inc.,* 552 F.2d 39, 42–43 (2d Cir.), *cert. denied,* 434 U.S. 845, 98 S.Ct. 147, 54 L.Ed.2d 111 (1977); *Murphy v. Mount Carmel High School,* 543 F.2d 1189, 1193 (7th Cir.1976).

■ Finally, de Wit's invocation of 28 U.S.C. § 1350 and 42 U.S.C. §§ 1985(2) and (3) in his "amended complaint" [10] as a basis for jurisdiction must meet the same fate as his invocation of other jurisdiction bases. While 42 U.S.C. § 1985(3) does not require that state action be demonstrated and does reach private conspiracies, which seek to deprive a person of the equal protection of the laws, the Supreme Court has held that:

> The constitutional shoals that would lie in the path of interpreting § 1985(3) as a general federal tort law can be avoided by giving full effect to the congressional purpose—by requiring, as an element of the cause of action, the kind of invidiously discriminatory motivation stressed by the sponsors.... The language ... means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions.

*Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). Clearly there is no racial or class-based discrimination alleged or present here, and no basis for federal question jurisdiction exists under § 1985(3).

It is somewhat unsettled whether discriminatory animus must be established under § 1985(2),[11] which provides an action for victims of private schemes to obstruct

justice. Even if, as some courts have held, de Wit need not allege an "invidiously discriminatory motivation" under § 1985(2), he has alleged no facts to support an allegation under this provision, nor is it possible under his recitation of the basis for his claim that he could allege such facts. *See Fletcher v. Hook,* 446 F.2d 14, 16 (3d Cir. 1971).

■ De Wit has also alleged a violation of 28 U.S.C. § 1350, which provides for federal jurisdiction "of any civil action by an alien for a tort only, committed in violation of the law of nations or a Treaty of the United States." As the Second Circuit has emphasized this statute is only invoked in extraordinary circumstances. *IIT v. Vencap, Ltd.,* 519 F.2d 1001, 1015 (2d Cir.1975) (no action for fraud conversion and corporate waste). *Compare Huynh Thi Anh v. Levi,* 586 F.2d 625, 630 (6th Cir.1978) (no action for claim by alien resident for custody of children) *with Filartiga v. Pena-Irala,* 630 F.2d 876, 887 (2d Cir.1980) (action for wrongful death by torture). The court finds that such extraordinary circumstances are not present here and therefore de Wit's claim of jurisdiction under this provision is also lacking.

Accordingly, even after giving this pro se litigant's papers a liberal construction, *see Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the court cannot find any basis for predicating subject matter jurisdiction.

## CONCLUSION

Defendants' motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) is granted because this court lacks subject matter jurisdiction over de Wit's claims. Defendants' motion for attorney's fees is

---

**10.** As discussed previously, de Wit's "amended complaint" was treated as a response to KLM's motion to dismiss. Nevertheless, because of the wide latitude accorded pro se litigants' pleadings, the court has assessed the new jurisdictional claims made by de Wit in his amended complaint.

**11.** *McCord v. Bailey,* 636 F.2d 606, 614 (D.C. Cir.1980), *cert. denied,* 451 U.S. 983, 101 S.Ct. 2314, 68 L.Ed.2d 839 (1981) (class-based dis-

criminatory animus not a required element for a suit under the first clause of § 1985(2)); *accord Brawer v. Horowitz,* 535 F.2d 830, 840 (3d Cir.1976); *contra Jones v. United States,* 401 F.Supp. 168, 174 (E.D.Ark.1975), *aff'd,* 536 F.2d 269 (8th Cir.1976), *cert. denied,* 429 U.S. 1039, 97 S.Ct. 735, 50 L.Ed.2d 750 (1977) (class-based discriminatory animus is a required element for a suit under § 1985(2)).

denied. This action is dismissed as no service of the summons and complaint has been made as to the other defendants.

SO ORDERED.