**COUDERT BROTHERS, a Partnership, Plaintiff,**

v.

**EASYFIND INTERNATIONAL, INC., Kenneth Mandeno Sowden, and Glen Ernest Ion, Defendants.**

**No. 84 Civ. 3424.**

United States District Court, S.D. New York.

Jan. 14, 1985.

**526**

Stephen Sayre Singer, New York City, for plaintiff.

Todd L. Herbst, Max E. Greenberg, Cantor & Reiss, New York City, Seth Price, Stokes, Shapiro, Fussell & Genberg, Atlanta, Ga., for defendants.

## OPINION

GRIESA, District Judge.

Defendant Easyfind International, Inc. removed this action to the federal court, alleging jurisdiction based on diversity of citizenship. Plaintiff Coudert Brothers moves to remand the action to the state court. The motion is granted.

Coudert is a law firm based in New York City. It is a partnership. Most of its partners are citizens of New York. It has an office in Paris and a few of its partners reside in France. They are United States citizens. However, their residence in France results in the fact that they are not citizens of any *state* of the United States for the purposes of diversity jurisdiction. These facts are conceded by Easyfind. Defendant Easyfind is a Delaware Corporation. Defendant Ion is a resident and citizen of Australia; defendant Sowden is a resident of the State of Georgia and a citizen of New Zealand.

The statute provides for diversity jurisdiction where an action is between—

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; ...

■ If Coudert could be considered a citizen of New York there would be diversity jurisdiction. However the cases have held that, for the sake of applying the diversity jurisdiction statute, a partnership must be considered to be a citizen of any and all states and foreign countries of which its partners are citizens. *Cunard Line v. Abney*, 540 F.Supp. 657, 661 n. 6 (S.D.N.Y.1982); *Coopers & Lybrand v. Cocklereece*, 506 F.Supp. 587, 588 (S.D.N.Y.1981); *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 20 S.Ct. 690, 44 L.Ed. 842 (1900).

■ If we were dealing with the situation where a partnership had partners who were citizens of New York and citizens of France, there would be diversity jurisdiction under subdivision (3) of the statute. However our case is different. The status of the Coudert partners residing in France is that they are still citizens of the United States and are not citizens of France. If these partners were suing by themselves they would not fit within any of the categories referred to in the statute, since they are neither citizens of a state of the United States nor are they citizens or subjects of a foreign state. Therefore a suit by them could not give rise to diversity jurisdiction. *DeWit v. KLM Royal Dutch Airlines, N.V.*, 570 F.Supp. 613, 617 (S.D.N.Y.1983); *Sadat v. Mertes*, 615 F.2d 1176, 1180 (7th Cir.1980); *Smith v. Carter*, 545 F.2d 909, 911 (5th Cir.) *cert. denied*, 431 U.S. 955, 97 S.Ct. 2677, 53 L.Ed.2d 272 (1977); 13B C. Wright, A. Miller, E. Cooper, *Federal Practice and Procedure* § 3621 (1984).

The precise problem in the present case is somewhat different. The question is what to do about the Coudert partnership, which consists of partners who are citizens of New York and partners who are not citizens of either a state of this country or of a foreign state. It would appear to be a

logical extension of the rules of law referred to above that the Coudert partnership is not a party who can sue in a federal court under diversity jurisdiction. For jurisdictional purposes it must be considered to include partners who lack the citizenship status required. Therefore there is not complete compliance with the statute, and subject matter jurisdiction is lacking. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

The motion to remand the action to the state court is granted.

So ordered.