**TURAN PETROLEUM, INC.**

v.

**Judith LENTIN.**

**No. SA CV 07–0161PASSX.**

United States District Court,
C.D. California.

April 13, 2007.

Allan Z. Litovsky, William Q. Tran, Greenberg Traurig, Costa Mesa, CA, for Turan Petroleum Inc.

Stuart P. Jasper, Jasper & Jasper, Irvine, CA, for Judith Lentin.

ANDERSON, District Judge.

**Proceedings:** IN CHAMBERS—COURT ORDER

The Court is in receipt of defendant Judith Lentin's ("Defendant") Declaration in response to the Court's April 2, 2007 Order to Show Cause (the "OSC") regard-

ing Defendant's citizenship and domicile. The Court issued the OSC based on plaintiff Turan Petroleum Inc.'s ("Plaintiff") statement in its Opposition to Defendant's Motion to Stay or Dismiss [1] that it believed Defendant to be "a U.S. citizen currently residing in Canada." Defendant's declaration confirms that she is a citizen of the United States who resides abroad in Calgary, Canada. Defendant moved to Canada in 1973 and has lived and worked there ever since. Defendant represents that she intends to "reside in Canada for the rest of [her] life" and she "regards [herself] as a permanent resident of Canada." (Lentin Decl. ¶ 7.)

 In its Complaint, Plaintiff alleges subject matter jurisdiction based on diversity of citizenship. (Compl.¶ 1.). Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) ("It is axiomatic that the federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation."). Article III, § 2 of the Constitution and the federal diversity statute, 28 U.S.C. § 1332(a), give federal district courts jurisdiction "over cases between 'citizens of different States,' and 'over cases between citizens of a State' and 'citizens or subjects of a foreign state.' " *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir.1990); *Coury*, 85 F.3d at 248. "The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court ... each plaintiff must be diverse from each defendant." *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997,

1004 (9th Cir.2001). Failure to meet the requirements of the diversity statute for each defendant destroys "complete diversity," "rendering the entire case beyond the federal court's power to decide." *Id.* at 1005 (citing *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 829, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989)); *see also Coury*, 85 F.3d at 248 (noting that "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court").

 "[I]t has been held consistently that a diversity suit may not be maintained under 28 U.S.C. § 1332(a)(1) by or against a United States citizen who is domiciled in a foreign country, for a resident of a foreign country is not necessarily a citizen thereof." *Coury*, 85 F.3d at 249–50; *De Wit v. KLM Royal Dutch Airlines, N.V.*, 570 F.Supp. 613, 617 (S.D.N.Y.1983) ("[I]t is well-settled that an American citizen living abroad cannot invoke federal court jurisdiction under 28 U.S.C. § 1332(a) because he or she is not considered a citizens of any state as that section requires."). "Moreover, an American living abroad is not by virtue of that domicile a citizen or subject of the foreign state in which he resides so as to permit invocation of the alienage jurisdiction prescribed in 28 U.S.C. § 1332(a)(2) ...." *Coury*, 85 F.3d at 250; *Cresswell*, 922 F.2d at 68 ("United States citizens who are domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state, and § 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties."). "[T]he language of § 1332(a) is specific and requires the conclusion that a suit by or against United States citizens domiciled abroad may not be premised on diversity."

---

1. Defendant filed a Motion to Dismiss or Stay on Grounds of *Forum Non Conveniens*, arguing that Canada provides a more suitable forum for this action (Docket.No. 8). That Motion is scheduled to be heard on April 9, 2007.

*Cresswell,* 922 F.2d at 68; *see also Brady v. Brown,* 51 F.3d 810, 816 (9th Cir.1995) (dismissing diversity action against a defendant who was a U.S. citizen domiciled in Mexico).

■ Defendant's declaration makes clear that she is a United States citizen domiciled abroad. *Coury,* 85 F.3d at 250 (noting that domicile typically requires physical presence in a location and an intention to remain there indefinitely); *Kanter v. Warner–Lambert Co.,* 265 F.3d 853, 857 (9th Cir.2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."). Thus, for the purposes of diversity, she is treated as "stateless," and her "presence as a defendant thus destroy[s] complete diversity required for federal jurisdiction." *Brady,* 51 F.3d at 815; *Lee,* 260 F.3d at 1005 ("By insisting that a party who corresponds to none of § 1332(a)'s categories destroys original jurisdiction over a diversity case, *Newman–Green* clarified that the touchstone of diversity jurisdiction, and of 'complete diversity,' is compliance with the specific dictates of § 1332.") (citing *Newman–Green,* 490 U.S. at 829, 109 S.Ct. 2218, 104 L.Ed.2d 893). Plaintiff Turan Petroleum, Inc. raised no basis for jurisdiction, other than diversity of citizenship, in its Complaint. Thus, the Court dismisses this action for lack of subject matter jurisdiction.[2]

Based on the Court's conclusion that it lacks subject matter jurisdiction over this action and its dismissal thereof, it denies Defendant's Motion to Stay or Dismiss as moot. The hearing currently scheduled on April 9, 2007, is vacated.

IT IS SO ORDERED.

---

**2.** It would be futile to grant Plaintiff leave to amend its Complaint because, unlike in actions against multiple defendants, Plaintiff cannot simply dismiss Defendant from the action and restore diversity. *Cf. Newman–Green,* 490 U.S. at 837–38, 109 S.Ct. 2218, 104 L.Ed.2d 893 (holding that courts have "The authority to dismiss dispensable nondiverse part[ies]" in order to restore jurisdiction, but cautioning that "such authority should be exercised sparingly."); *Cresswell,* 922 F.2d at 69 (denying plaintiff's request to dismiss three plaintiffs that were United States citizens residing abroad on the ground that dismissal "may not provide a cure" to the lack of jurisdiction because the sole defendant was a partnership with foreign-residing United States citizen partners).